CILENTI & COOPER, PLLC
Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IGNACIO REYES DE LOS SANTOS, BENITO CANTU, and BALTAZAR REYES LIBRADO, on behalf of themselves, and others similarly situated,

Plaintiffs,

-against-

MARTE CONSTRUCTION INC., and JOSEPH M. MARTE, individually,

Defendants.

Case No.:    **18 CV 10748**

**COMPLAINT in an FLSA ACTION**

ECF Case

---

Plaintiffs, Ignacio Reyes de los Santos, Benito Cantu, and Baltazar Reyes Librado (collectively, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, Marte Construction, Inc., and Joseph M. Marte individually (all defendants, collectively, the "Defendants"), and state as follows:

## INTRODUCTION

1.    Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated damages and statutory penalties, pursuant to the New York Wage Theft Prevention Act; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiffs are adult residents of Bronx County, in the Southern District of New York.

6.      Upon information and belief, Defendant, Marte Construction, Inc., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 1492 Longfellow Avenue, 1st Floor, Bronx, New York 10460.

7.      Upon information and belief, Defendant, Joseph M. Marte, is an owner, officer, director and/or managing agent of the corporate defendant, whose address is unknown at this time, and who participated in the day-to-day operations of the corporate defendant, and acted intentionally and maliciously and is an "employer" pursuant to the

2

FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendant.

8.     The performance of Plaintiffs' job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by individual defendant, Joseph M. Marte.

9.     The corporate defendant Marte Construction, Inc. offers services to the public in the general contracting and construction industry.

10.     Plaintiff, Ignacio Reyes de los Santos, was employed by Defendants, in New York City, to work as a carpenter at sites throughout New York City, from in or around February 2017, through October 19, 2018.

11.     Plaintiff, Benito Cantu, was employed by Defendants, in New York City, to work as a carpenter at sites throughout New York City, from in or around June 2017, through October 19, 2018.

12.     Plaintiff, Baltazar Reyes Librado, was employed by Defendants, in New York City, to work as a carpenter at sites throughout New York City, from in or around June 2018, through October 19, 2018.

13.     At all relevant times, Marte Construction, Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Marte Construction, Inc.

3

15.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned overtime compensation, in contravention of the FLSA and New York Labor Law.

16.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

### a.   Plaintiff Ignacio Reyes de los Santos

17.     In or around February 2017, Plaintiff, Ignacio Reyes de los Santos, was hired by Defendants to work as construction worker at Defendants' general contracting company.

18.     Plaintiff, Ignacio Reyes de los Santos, worked for the Defendants continuously, through October 19, 2018.

19.     Plaintiff Ignacio Reyes de los Santos was assigned to various work sites staffed by the corporate defendant, Marte Construction, Inc.

20.     During Ignacio Reyes de los Santos' employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked sixty (60) hours per week.

21.     Plaintiff was not paid overtime wages at anytime during his employment. At all relevant times, Plaintiff was paid "daily rate" of $120.00 to $140.00. He was paid by check; he normally worked six (6) days per week; he worked ten (10) hours per day.

22.     Plaintiff was always paid at the same regular rate of pay ("straight time"), for all hours worked, every week.

4

### b. *Plaintiff Benito Cantu*

23.    In or around June 2017, Plaintiff, Benito Cantu, was hired by Defendants to work as construction worker at Defendants' general contracting company.

24.    Plaintiff, Benito Cantu, worked for the Defendants continuously, through October 19, 2018.

25.    Plaintiff Benito Cantu was assigned to various work sites staffed by the corporate defendant, Marte Construction, Inc.

26.    During Benito Cantu's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked sixty (60) hours per week.

27.    Plaintiff was not paid overtime wages at anytime during his employment. At all relevant times, Plaintiff was paid "daily rate" of $125.00 to $140.00. He was paid by check; he normally worked six (6) days per week; he worked ten (10) hours per day.

28.    Plaintiff was always paid at the same regular rate of pay ("straight time"), for all hours worked, every week.

### c. *Plaintiff Baltazar Reyes Librado*

29.    In or around June 2018, Plaintiff, Baltazar Reyes Librado, was hired by Defendants to work as a construction worker at Defendants' general contracting company.

30.    Plaintiff, Baltazar Reyes Librado, worked for the Defendants continuously, between June 2018 through October 19, 2018.

31.    Plaintiff Baltazar Reyes Librado was assigned to various work sites staffed by the corporate defendant, Marte Construction, Inc.

32.    During German Baltazar Reyes Librado's employment by Defendants, he often worked over forty (40) hours per week. Plaintiff worked sixty (60) hours per week.

33.    Plaintiff was not paid overtime wages at anytime during his employment. At all relevant times, Plaintiff was paid "daily rate" of $135.00. He was paid by check; he normally worked six (6) days per week; he worked ten (10) hours per day.

34.    Plaintiff was always paid at the same regular rate of pay ("straight time"), for all hours worked, every week.

*General Allegations for all Plaintiffs and Similarly Situated Employees*

35.    Plaintiffs, and other similarly situated employees, regularly worked in excess of forty (40) hours per week, but were not paid at time and one-half their regular rate of pay, as required by state and federal law.

36.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

37.    Defendant, Joseph M. Marte, is an individual who, upon information and belief, owns the stock of Marte Construction Inc., and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

38.    Defendant Joseph M. Marte exercised control over the terms and conditions of Plaintiffs' employment in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules,

(iv) supervise and control work of the employees, and (v) create and maintain wage and hour records.

39.    Defendant Joseph M. Marte actively supervised the work of the Plaintiffs, and other similarly situated employees.

40.    The corporate defendant, Marte Construction, Inc., has and has had employees engaged in commerce or in the production of goods for commerce, that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

41.    During the past three (3) years, the corporate defendant, Marte Construction, Inc., had annual gross volume of sales of not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

42.    Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees, who have been or were employed by Defendants since November 2015 through the date that the opt-in period closes as heretofore set by the Court (the "Collective Action Period"), and who were paid "straight time" for all hours worked, without overtime compensation.

43.    The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than over one hundred (100) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

7

Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

44.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

45.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

46.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

47.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

8

a.  Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.  Whether Defendants failed to pay Plaintiffs and the Collective Action Members statutory overtime compensation;

c.  Whether Defendants' violations of the FLSA were willful as that term is used within the context of the FLSA; and,

d.  Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

48.  Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

49.  Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

50.  Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "49" of this Complaint as if fully set forth herein.

51.  At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

52.    At all relevant times, Defendants employed Plaintiffs and the collective action members within the meaning of the FLSA.

53.    Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

54.    Plaintiffs were entitled to be paid at the rate of time and one-half their regular rate of pay, for all hours worked in excess forty (40).

55.    Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

56.    At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the collective action members, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

57.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate at statutory overtime rate of time and one-half, for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiffs and other similarly situated employees.

58.    Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

59.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

10

60.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

61.     Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

62.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "61" of this Complaint as if fully set forth herein.

63.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

64.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay overtime compensation at rates of not less than one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

65.     Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants unpaid overtime wages, reasonable attorneys' fees, costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

66.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "65" of this Complaint as if fully set forth herein.

67.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

68.    Defendants failed to properly disclose or apprise Plaintiffs of their rights under the New York Labor Law.

69.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

70.    Plaintiffs and others similarly situated were paid without a proper wage statement as required by law.

71.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

**PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs, Ignacio Reyes de los Santos, Benito Cantu, and Baltazar Reyes Librado, on behalf of themselves and all similarly situated employees, respectfully request that this Court grant the following relief:

(a)    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b)    An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)    An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

12

(d)    An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay overtime compensation, and comply with notice requirements, pursuant to the New York Labor Law;

(e)    An award of prejudgment and post-judgment interest;

(f)    An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g)    Such other and further relief as this Court determines to be just and proper.

Dated:  New York, New York
        November 16, 2018

                                        Respectfully submitted,

                                        CILENTI & COOPER, PLLC

                    By:    _____
                                        Peter H. Cooper  (PHC 4714)
                                        **Attorneys for Plaintiffs**
                                        708 Third Avenue – 6th Floor
                                        New York, NY 10017
                                        Telephone  (212) 209-3933
                                        Facsimile (212) 209-7102
                                        E-mail: pcooper@jcpclaw.com

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I,  _Ignacio Reyes de los Santos_, am an employee currently or

formerly employed by  _Marte Construction_ , and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_October 29_ , 2018

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Benito Cantu_ , am an employee currently or

formerly employed by _Marte Construction_ , and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_October 28_ , 2018

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Baltazar Reyes_, am an employee currently or formerly employed by _Marte Construction_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_October 9_, 2018