UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

IGNACIO REYES DE LOS SANTOS, et al.,

                                   Plaintiffs,

                    -v-

MARTE CONSTRUCTION, INC, et al.,

                                   Defendants.

18 Civ. 10748 (PAE) (KHP)

OPINION & ORDER

---------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

Plaintiffs Ignacio Reyes de los Santos ("I.R. de los Santos), Benito Cantu, Baltazar Reyes Librado, Elvis Martinez, Andy Verdin, and Amador Cantu de los Santos (collectively, "Plaintiffs") here have sued their employers, defendants Marte Construction Inc.; Joseph M. Marte; and Jesus Olaya, Robert Star Plumbing and Heating, Corp.; O.K. Electrical Service Corporation; and Doval Plumbing and Heating Corporation (collectively, "Defendants"), under the Fair Labor Standards Act of 1938 ("FLSA") and N.Y. Labor Law ("NYLL") §§ 190 *et seq*. and §§ 650 *et seq*. for unpaid regular and overtime wages, spread of hours pay, actual and liquidated damages, statutory damages, failure to provide notice and periodic wage statements, pre-judgment interest, post-judgment interest, and attorneys' fees and costs. On June 9, 2020, the Court entered default judgment for plaintiffs as to liability. Dkt. 91.

Now before the Court is the November 24, 2020 Report and Recommendation of the Hon. Katharine H. Parker, United States Magistrate Judge, as to damages, following an inquest referred by the Court. *See* Dkt. 99 ("Report"). The Court incorporates by reference the facts as set out in the Report.

For the following reasons, the Court adopts Judge Parker's recommendation that the plaintiffs be awarded the following sums, respectively, which reflect unpaid overtime wages, liquidated damages, and statutory damages: $39,740 for Andy Verdin, $36,180 for I.R. de los Santos, $31,120 for A.C. de los Santos, $28,960 for Benito Cantu, $28,960 for Elvis Martinez, and $15,400 for Baltazar Reyes Librado.  The Court further adopts the recommendation that each plaintiff also be awarded pre- and post-judgment interest; and that an award of attorneys' fees and costs totaling $15,345 be approved.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Parker's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety.  Because the Report explicitly states that plaintiffs had 14 days to file objections and defendants had 17 days to file objections, and that "failure to file these timely objections will result in a waiver of those objections for purposes of appeal," Report at 24, the parties' failure to object operates as a waiver of appellate review.

*See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court finds that the defendants are jointly and severally liable to the plaintiffs. The Court holds that the plaintiffs are entitled to the following amounts, respectively: $39,740 for Andy Verdin, $36,180 for I.R. de los Santos, $31,120 for A.C. de los Santos, $28,960 for Benito Cantu, $28,960 for Elvis Martinez, and $15,400 for Baltazar Reyes Librado. Each plaintiff is further entitled to pre- and post-judgment interest on the above sums, to be calculated by the Clerk of Court. Finally, the Court awards plaintiffs the requested $15,345 in attorneys' fees and costs. The Court respectfully directs the Clerk to mail a copy of this decision to plaintiffs at the address on file.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: December 17, 2020
        New York, New York